BARKER Pl'ff. in error v. POOL Defendant.

It is error in the circuit court to suffer law books to be taken to the jury, and to leave them to construe the law for themselves It is the duty of the court to deliver the law, governing the cause, to the jury in the form of instructions, and not to leave law books in their possession, to find what is the law.

Error to Monroe County.

*Head for Plaintiff in Error.*

2 Kent's Com. 560. Mo. Digest sec. 5, 640. 3 Chittty's gen'l prac., page 916, sec. 21.

*Abernathy for Deft in Error.*

1st. The jury was warrented from the evidence to find the verdict for plaintiff below.

2nd. The court gave no wrong instructions for plaintiff.

3rd. The court refused no proper instructions asked by the defendant.

4th. The court did right to refuse a new trial: see 2nd Kent Com. 295. 1 Bla. Com. 431. 8th Johnson's Rep. 421. 3d vol. Mo. Rep. 464, Singleton vs Mann. 1 vol. do. 14, McNight and Brady vs. Wills. 4th vol. do. 295, Oldham vs. Henderson, also Hardwich vs. Holmes decided at the Oct. term of this court in 1839, at Palmyra. Digest of '35, page 350, sec. 6. Do. page 351, Sec. 9. do page 354, sec. 8. do. 350 sec. 2, Spencer vs Meddor, 3rd semi-annual part for 1838, page.

*Opinion of the Court delivered by Tompkins Judge.*

Pool brought his suit against Barker before a justice of the peace, judgment was there given for the plaintiff. The defendant appealed to the circuit court, and in that court judgment was again given for the plaintiff; to reverse which Barker brings the cause here on a writ of error. The evidence, appearing on the record, shows that the action was brought to recover damages sustained by Pool, the plaintiff, by reason of the negligence of the servant of Barker. It was proved, that sometime in February last, a negro slave of Barker was ordered by him to burn a stubble field, and that in burning the stubble field he accidentally suffered the fire to be communicated to a stack yard, in which were a wheat fan, and three gums filled with flax seed, all belonging to the plaintiff Pool. The stack yard was adjoining to the stubble field, and a part of the same tract of land; it was also proved, that Barker had bought this land from Pool, and that he was to have possession on the first of March.— Pool, it also appeared, had removed from this tract of land before the burning of the fan, &c., and Barker was in possession peaceably it seems, although the first of March had not then arrived. The circuit court was requested by the defendant to instruct the jury: 1st. That the defendant was answerable only in case of gross neglect, in case they should find that he was in the legal possession of the farm on which the property was burned. 2nd. That he was liable only for gross neglect. 3rd. That he was not liable if

JUNE TERM 1840.

Barker
vs.
Pool.

he took the same care of the destroyed property that he did of his own. 4th. That he was not liable if the stubble field was found to be his own land, and that he set fire to it without intending to do any injury to the plaintiff. The court gave the first and second instructions and refused to give the third and fourth. The court then instructed the jury: 1st. That if they believed that Barker's servant by his order had set fire to the stubble field. and that through the negligence of the servant Pool sustained any injury Barker was answerable. 2nd. That Barker was liable if it should be found that his servant had through negligence permitted the fire to be communicated to the stack yard. The defendant excepted to the refusal of the court to give the instructions asked by himself and to the giving of those asked by the plaintiff. The defendant moved for a new trial; because, 1st. The verdict was against evidence. 2nd. It was against law. 3rd. Because the court rejected the instruction prayed by him and gave those asked by the plaintiff. 4th. Because the court permitted the jury to carry law books to their room and construe it for themselves.

The character of Barker's possession is not very well ascertained by the evidence in the case. One witness stated that Pool had sold Barker the premises, and contracted to give possession on the first of March, yet, in February, Barker appears to have been in peaceable possession. The jury should have been told that if they believed him to be in possession, by and with the consent of Pool, then he was bound only to use such diligence as a prudent man used about his own affairs; and would be answerable only for gross negligence. But if they had found him in possession without the consent of Pool, a different and much higher degree of diligence would be required. The probability, however, is that he was there by the consent of Pool, as nothing to the contrary appears in evidence. The circuit court committed error in suffering law books to be taken to the jury, and to leave them to construe the law for themselves. It is clearly the duty of the court to deliver the law governing the cause to the jury in the form of instructions, and not to leave books in their possession to find what the

It is error in the circuit court to suffer law books to be taken to the jury, and to leave them to construe the law for themselves. It is the duty of the court

law is.   One of the reasons assigned for reversing the judg- <span>JUNE TERM 1840.</span>
ment of the circuit court, was that that court had not, on
the motion of the defendant Barker, dismissed the cause; be- <span>Barker vs. Pool.</span>
cause, as he says, the plaintiff when he commenced his suit
before the justice did not file a bill of items of his account
with the justice, in conformity with the provisions of 9th <span>to deliver the law, govern-</span>
section of the 2nd article of the act to establish justices court <span>ing the cause,</span>
&c. p. 351, of the digest of 1835.   On an inspection of the <span>to the jury in the form of</span>
justices transcript a bill of the items is found, and as the jus- <span>instructions, and not to</span>
tice is required to send up the original papers we must sup- <span>leave law</span>
pose that this is a copy of the bill filed.   The justice may <span>books in their possession, to</span>
have made this statement in compliance with the 8th sect. <span>find what is</span>
of the 3rd art. of the same act see page 354.   At most, the <span>the law.</span>
neglect of the plaintiff, to file such a bill of items, could en-
title the defendant to nothing more than a continuance of
his cause, on account of surprise.   The circuit court then,
it seems to me, committed no error in refusing to dismiss the
cause for this reason, but because that court permitted the
law books to be sent to the jury its judgment is reversed
and the cause remanded.